# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| QC CONSTRUCTION, LLC, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : NO. _____ |
| | : |
| CYPRESS CONTRACTING AND DEVELOPMENT CORP., TRU 2005 RE I, LLC, and UNITED STATES FIRE INSURANCE COMPANY, | : Jury Demand |
| Defendants. | : |

## COMPLAINT

COMES NOW QC Construction, LLC ("**QC Construction**" or "**Plaintiff**"), by and through its undersigned counsel of record, and files this Complaint against Defendants Cypress Contracting and Development Corp. ("**Cypress**"), TRU 2005 RE I, LLC ("**TRU**"), and United States Fire Insurance Company ("**USFIC**") (each a "**Defendant**," and collectively the "**Defendants**"), and in support thereof, respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. QC Construction is a limited liability company formed and existing under the laws of the State of Georgia. QC Construction maintains a principal office at P.O. Box 2285, Warner Robins, Houston County, Georgia 31099.

2. Defendant Cypress is a corporation formed and existing under the laws of the State of Florida. Cypress may be served through its registered agent, Karl M. Garra, at 7060 Venice Way, #3102, Naples, Florida 34119. Cypress is subject to the jurisdiction and venue of this Court.

3. Defendant USFIC is an insurance company formed and existing under the laws of New York. USFIC may be served through its registered agent, C T Corporation System, at 289 S.

Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805. USFIC is subject to the jurisdiction and venue of this Court.

4. Defendant TRU is a limited liability company formed and existing under the laws of the State of Delaware. TRU may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. TRU is subject to the jurisdiction and venue of this Court.

5. Raider Hill Advisors, LLC ("**Raider Hill**") is a limited liability company formed and existing under the laws of the State of New York. Upon information and belief, Raider Hill served as the general contractor for the construction project, which gave rise to this litigation.

6. This Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 as this case is between citizens of different states and the matter in controversy exceeds $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and the real property which is the subject matter of this litigation is located in this District.

## STATEMENT OF FACTS

8. Upon information and belief, Defendant Cypress was under contract with Raider Hill (the "**Raider Hill Contract**"), to develop the property located at 3000 Watson Boulevard, Warner Robins, Houston County, Georgia 31093 (the "**Site**").

9. In order to meet its obligations under the Raider Hill Contract, Defendant Cypress entered into a contract with Plaintiff (the "**Subcontract Agreement**") to provide various labor and services for development of the Site. A true and correct copy of the Subcontract Agreement is attached as **Exhibit A**.

10. At all relevant times, Defendant Cypress and Raider Hill accepted Plaintiff's services provided under the Subcontract Agreement, which were incorporated into the development of the Site.

11. Defendant Cypress, upon application by Plaintiff, made payments for a portion of the services provided by Plaintiff. However, Defendant Cypress ceased making payments upon Plaintiff's applications and refused to make payments upon subsequent demand for same, resulting in $171,528.48 being owed to Plaintiff for its services. True and correct copies of all applications for payment and payments provided by Defendant Cypress are attached as **Exhibit B**.

## COUNT I – BREACH OF CONTRACT (Cypress)

12. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. Plaintiff and Defendant Cypress had a valid and existing contract whereby Defendant Cypress agreed to pay Plaintiff for services rendered and performed, upon application.

14. Defendant Cypress has unjustifiably, and without cause and defense, breached the Subcontract Agreement.

15. Despite Plaintiff's repeated demands for payment, Defendant Cypress has failed and refused to pay same.

16. Accordingly, Plaintiff is entitled to judgment against Cypress in the amount of $171,528.38, plus interest accruing thereon.

## COUNT II – QUANTUM MERUIT (Cypress)

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Plaintiff has performed pursuant to the Subcontract Agreement.

19. Defendant Cypress accepted Plaintiff's work and performance under the Subcontract Agreement.

20. Defendant Cypress is in breach of the Subcontract Agreement and as an alternative to damages rising therefrom, Plaintiff is entitled to Quantum Meruit for the reasonable value of the Plaintiff's performance under the Subcontract Agreement in the amount of $171,528.38, plus interest accruing thereon.

### COUNT III – UNJUST ENRICHMENT (Cypress)

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. As an alternative to damages arising from the breach of the Subcontract Agreement, Defendant Cypress has been unjustly enriched having received the benefit of the performance by Plaintiff and, thereafter, refusing to compensate Plaintiff for the labor and services provided.

23. Accordingly, Plaintiff is entitled to $171,528.38, plus interest accruing thereon.

### COUNT IV – GEORGIA PROMPT PAYMENT ACT (Cypress)

24. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

25. Defendant Cypress's actions are in breach of the Law of the State of Georgia, namely, but not limited to, the Georgia Prompt Payment Act, O.C.G.A. §§ 13-11-1 to 13-11-11 (the "**Prompt Payment Act**").

26. Plaintiff seeks all rights and remedies pursuant to the Prompt Payment Act, including $171,528.38, plus interest and attorneys' fees as provided under the Prompt Payment Act.

**COUNT V – FORECLOSURE ON PAYMENT BOND (USFIC and TRU)**

27. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in Paragraph 1 through 26 of this Complaint as if fully set forth herein.

28. Pursuant to the Subcontract Agreement, Plaintiff agreed to and did, in fact, furnish labor and services for certain improvements on the Site.

29. The last of date of performance by Plaintiff at the Site was on January 14, 2021.

30. The amount due and owing to Plaintiff on account of the work performed under the Subcontract Agreement is $171,528.48.

31. On March 2, 2021, Plaintiff recorded a Claim of Lien on the Site, a copy of which is attached as **Exhibit C** and incorporated herein by express reference. The Claim of Lien was recorded in Lien Book 366, Pages 252-253 in the Office of the Superior Court Clerk of Houston County, Georgia, the county where the property is located, after Plaintiff performed duties pursuant to the Subcontract Agreement and before the expiration of ninety (90) days after the date of the last date of performance.

32. Plaintiff sent a copy of such Claim of Lien by registered or certified mail and regular United States mail to Defendant Cypress, Raider Hill,[1] and non-party NS Retail Holdings, LLC,[2] on March 3, 2021 (the "**Notices**"). True and correct copies of the Notices are attached as **Exhibit D**.

33. On March 16, 2021, Defendants TRU, as principal, and USFIC, as surety, recorded a Bond to Discharge Lien on the Site in accordance with OCGA § 44-14-364, a copy of which is

---

[1] Raider Hill Advisors, LLC ("**Raider**"), was listed as the owner of the Site on the Subcontract Agreement. Accordingly, Plaintiff addressed a copy of the Claim of Lien to Raider as a referenced "owner" of the Site.

[2] According to the Houston County public records, NS Retail Holdings, LLC ("**NS Retail**"), is the listed owner of the property located at 3000 Watson Boulevard, Warner Robins, Houston County, Georgia, as of December 29, 2020. Accordingly, Plaintiff addressed a copy of the Claim of Lien to NS Retail as the record owner of the Site.

attached as **Exhibit E** and incorporated herein by express reference (the "**Bond**"). The Bond was recorded on Lien Book 9056, Pages 278-284 in the Office of the Superior Court Clerk of Houston County, Georgia.

34. Pursuant to the terms of the Bond, TRU and USFIC deposited $343,056.96 with the Clerk of the Superior Court of Houston County on or about March 10, 2021.

35. Accordingly, and in accordance with OCGA § 44-14-364, Plaintiff may recover the amount due and owing it from the Bond.

36. In accordance with OCGA §§ 44-14-361.1 and 44-14-364, this Complaint is filed within 365 days from the date on which the Lien was recorded.

37. If not for the Bond, and to the extent that a Judgment is entered in favor of Plaintiff and against Defendant Cypress, under Counts I, II, III, or IV of this Complaint, Plaintiff would have been entitled to a judgment declaring and foreclosing the lien against the Site in the amount of $171,528.48 pursuant to O.C.G.A. § 44-14-361(a)(2).

38. Accordingly, Plaintiff is entitled to recover the full amount owed by Cypress from the amount deposited into this Court pursuant to the Bond.

**COUNT VII – ATTORNEY'S FEES AND EXPENSES OF LITIGATION**

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. On or about January 29, 2021, Plaintiff's attorney sent Defendant Cypress a demand letter, via Certified Mail and First Class U.S. Mail, demanding immediate payment of all amounts due and owing under the Subcontract Agreement within ten (10) days (the "**First Demand Letter**"). No payment has been made. A true and correct copy of the First Demand Letter is attached hereto as **Exhibit F** and incorporated herein by reference.

41. Additionally, Defendant Cypress's actions constitute bad faith, stubborn litigiousness, and have caused Plaintiff unnecessary trouble and expense.

42. Defendant Cypress has been notified and is hereby notified again that Plaintiff intends seek payment of attorneys' fees. Pursuant to O.C.G.A. § 13-1-11, Defendant Cypress has ten (10) days from the date of service of the Complaint within which to pay the sums due hereunder without also being liable for statutory attorneys' fees.

WHEREFORE, the Plaintiff prays as follows:

(i) that Plaintiff may have judgment against Defendant Cypress in the amount of $171,528.48 with interest accruing at the rate of 1 ½% per month;

(ii) that Plaintiff may have judgment against the Defendant Cypress for attorneys' fees and court costs in an amount to be determined at trial.

(iii) that Plaintiff may foreclose on the Bond in the amount of $171,528.38;

(iv) That all matters herein be heard and determined by a jury; and

(v) any other relief this Court deems just and proper.

This 2nd day of March, 2022.

                                           **STONE & BAXTER, LLP**
                                           By:

                                           */s/ G. Daniel Taylor*
                                           G. Daniel Taylor
                                           Georgia bar No. 528521
                                           Thomas B. Norton
                                           Georgia Bar No. 997178

Fickling & Company Building
577 Mulberry Street, Suite 800
Macon, Georgia 31201
(478) 750-9898
(478) 750-9899 *facsimile*

                                           Attorneys for Plaintiff