IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QC CONSTRUCTION LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-92 (MTT) |
| CYPRESS CONTRACTING AND DEVELOPMENT CORP, | ) |
| Defendant. | ) |

## ORDER

Plaintiff QC Construction LLC moves for default judgment against defendant Cypress Contracting and Development Corp. ("Cypress"). Doc. 29. For the following reasons, that motion (Doc. 29) is **GRANTED**.

## I. BACKGROUND

The allegations of the complaint, deemed admitted because of Cypress's default, establish these facts. On June 5, 2020, "Cypress entered into a contract with [QC Construction] to provide various labor services for" the development of a commercial construction site in Warner Robins, Georgia. Docs. 1 ¶¶ 8-9; 1-2. QC Construction submitted five applications requesting payment from Cypress, totaling $647,131.45. Docs. 1 ¶ 11; 1-3 at 2, 4, 6, 8, 11. Cypress submitted payment in the amount of $475,602.97, leaving a remaining balance of $171,528.48. Docs. 1 ¶ 11; 1-3 at 13-16. Cypress has refused to pay the remaining balance despite demands by QC Construction. Doc. 1 ¶ 11.

On March 3, 2022, QC Construction filed suit alleging that Cypress breached the construction contract and violated the Georgia Prompt Payment Act, O.C.G.A. § 13-11-1 *et seq.*[1]  Doc. 1.  QC Construction seeks damages plus attorney fees and costs.  Docs. 1; 39.  Cypress was served with process on April 28, 2022, but did not file a responsive pleading within 21 days.  Doc. 15.  Accordingly, default was entered against Cypress on March 17, 2023.  Doc. 26.  On April 6, 2023, QC Construction moved for default judgment.  Doc. 29.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise."  After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already in the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings.").

---

[1] In the alternative to the breach of contract claim, QC Construction asserts claims for quantum meruit and unjust enrichment.  Doc. 1 ¶¶ 17-26.  Because the Court finds that Cypress breached the construction contract and violated § 13-11-3 of the Georgia Prompt Payment Act, the Court declines to address QC Construction's quantum meruit and unjust enrichment claims.  *See Continental Cas. Co. v. Trucks, Inc.*, 2011 WL 5325537, at *2 n.2 (M.D. Ga. Nov. 3, 2011) ("Because the Court grants default judgment as to the breach of contract claims, the Court does not need to consider Plaintiffs' alternative unjust enrichment and account stated claims.").

After the Clerk's entry of default, a defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment.  The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law.  *Id*.  "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The defendant is also not deemed to admit the plaintiff's allegations relating to the amount of damages*.  Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); see also *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters.").

### III. JURISDICTION

To enter a valid default judgment, the Court must have both subject matter and personal jurisdiction. *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999); see also *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").  QC Construction alleges sufficient facts to

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

demonstrate the Court has diversity jurisdiction over its state law claims against Cypress. 28 U.S.C. § 1332. Specifically, QC Construction is an LLC whose members reside in Georgia, and Cypress is a Florida corporation with its principal place of business in Florida. Docs. 1 ¶¶ 1-2; 6; 39 ¶ 2; 39-1; 41. QC Construction alleges the amount in controversy exceeds $75,000. Docs. 1 at 7; 41 ¶ 8.

Additionally, the complaint sufficiently alleges that the Court has personal jurisdiction over Cypress. Personal jurisdiction can be either general or specific. General jurisdiction exists whenever the defendant is at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Specific jurisdiction, on the other hand, must arise out of the events or transactions underlying the claim that form the basis of the lawsuit. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). In other words, for specific jurisdiction to be proper, "the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010). Here, QC Construction adequately alleges specific jurisdiction over Cypress. The contract at issue in this case was made, negotiated, and to be performed in Georgia. Docs. 1 ¶¶ 8-11; 1-2. Thus, there is a sufficient nexus between Cypress's contacts and this litigation. In sum, the Court has both subject matter and personal jurisdiction over this matter.

## IV. DISCUSSION

QC Construction alleges Cypress breached the construction contract and violated the Georgia Prompt Payment Act by failing to pay the remaining balance of

$171,528.48 for services performed on the construction site in Warner Robins.  Docs. 1 ¶¶ 12-16, 24-26; 29 ¶¶ 7-13; 39 ¶ 4.  QC Construction also requests $31,567.77 in attorney fees and costs under O.C.G.A. § 13-11-8.  Doc. 39 ¶¶ 6-7.  QC Construction has adequately alleged liability on its breach of contract and Georgia Prompt Payment Act claims and is entitled to attorney fees and costs under O.C.G.A. § 13-11-8.[3]

### A. Cypress's Liability

#### 1. Breach of Contract

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."  *SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784, 805 S.E.2d 270, 274 (2017).  Here, QC Construction specifically alleged that Cypress entered into a subcontract agreement with QC Construction.  Docs. 1 ¶ 9; 1-2.  Furthermore, QC Construction alleges that Cypress refused to pay for services rendered pursuant to the contract in the amount of $171,528.48.  Doc. 1 ¶¶ 10-11, 14-15.  These allegations are sufficient to establish Cypress's liability and entitle QC Construction to default judgment on its breach of contract claim against Cypress.

#### 2. Georgia Prompt Payment Act and Attorney Fees

QC Construction alleges that it is entitled to attorney fees under O.C.G.A. § 13-11-8.  Section 13-11-8 of the Georgia Prompt Payment Act provides that "[i]n any action to enforce a claim under this chapter, the prevailing party is entitled to recover a reasonable fee for the services of its attorney including but not limited to trial and appeal

---

[3] QC Construction's complaint requests pre-judgment interest "at the rate of 1 ½% per month."  Doc. 1 at 7.  But QC Construction's motion for default judgment abandons this request.  *See* Doc. 29.  In any event, interest "at the rate of 1 ½% per month" would be improper when the subcontract agreement provides for a "0%" interest rate.  *Compare* Doc. 1 at 7 *with* Doc. 1-2 at 16.

and arbitration, in an amount to be determined by the court or the arbitrators, as the case may be." Section 13-11-3 of the Georgia Prompt Payment Act provides that "[p]erformance by a contractor or subcontractor in accordance with the provisions of his or her contract and the satisfaction of the conditions of his or her contract precedent to payment entitles such person to payment from the party with whom he or she contracts."

QC Construction alleges that it performed in accordance with the terms of the subcontract agreement. Doc. 1 ¶¶ 10-11. However, Cypress has refused to pay QC Construction in violation of O.C.G.A. § 13-11-3. Docs. 1 ¶¶ 11, 25-26; 39 ¶¶ 4-6. These allegations are sufficient to establish that QC Construction is a prevailing party under the Georgia Prompt Payment Act and that QC Construction is entitled to attorney fees under O.C.G.A. § 13-11-8. *See Fatt Katt Enter., Inc. v. Rigsby Constr., Inc.*, 762 F. App'x 746, 750 (11th Cir. 2019) (citing *Benchmark Builders, Inc. v. Schultz*, 294 Ga. 12, 14, 751 S.E.2d 45, 46 (2013)).

**B. QC Construction's Damages**

*1. Breach of Contract*

QC Construction seeks an award against Cypress for breach of contract damages totaling $171,528.48. Doc. 29. Because Cypress failed to remit payments pursuant to the subcontractor agreement, Cypress is liable to QC Construction. An evidentiary hearing is not necessary to calculate damages because all the necessary evidence is in the record and capable of being made certain. Specifically, QC Construction presents sufficient evidence that by December 30, 2020, QC Construction performed services totaling $647,131.45 and that Cypress submitted payment in the

amount of $475,602.97—leaving a remaining balance of $171,528.48.  Docs. 1 ¶ 11; 1-3 at 11, 13-16.  QC Construction alleges that Cypress never paid the remaining balance.  Doc. 1 ¶ 11.  Thus, QC Construction is entitled to an award for breach of contract damages in the amount of $171,528.48.

    *2. Georgia Prompt Payment Act and Attorney Fees*

QC Construction seeks an award of attorney fees and expenses under O.C.G.A. § 13-11-8.  Docs. 1 ¶¶ 24-26; 39 ¶ 7.  QC Construction has presented evidence of its attorney fees through an affidavit submitted by counsel.  Docs. 39; 39-2.  In total, QC Construction seeks $31,567.77 in attorney fees and costs for hours spent drafting pleadings, preparing motions, and otherwise litigating this case.  Doc. 39-2.  Based on the evidence, the Court finds that the fees and expenses QC Construction incurred were reasonable.  *See Fatt Katt Enter., Inc. v. Rigsby Constr.*, LLC, 2018 WL 2271243 (N.D. Ga. Mar. 23, 2018), *aff'd*, 762 F. App'x 746 (11th Cir. 2019).  Accordingly, QC Construction is entitled to fees and expenses totaling $31,567.77.

## V. CONCLUSION

For the above reasons, QC Construction's motion for default judgment (Doc. 29) is **GRANTED**.  QC Construction is entitled to $171,528.48 in breach of contract damages and $31,567.77 in attorney fees.  In sum, default judgment is entered against Cypress totaling $203,096.25 plus post-judgment interest as provided by law.  Failure to comply with this order may result in sanctions including a finding of contempt.

    **SO ORDERED**, this 2nd day of November, 2023.

                                                        S/ Marc T. Treadwell
                                                        MARC T. TREADWELL, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT